# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTAIR INSTRUMENTS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SHANIKA, INC., a California corporation, dba CLASSIC SPA COLLECTION, and DOES 1 through 10,<br><br>Defendants. | Case No. 2:17-cv-00942 R (FFMx)<br><br>**PROTECTIVE ORDER** |

In light of the Stipulation of the parties filed herewith, and good cause appearing therefore, **IT IS HEREBY ORDERED** as follows:

**I. DEFINITIONS**

A. <u>Party</u>

Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

B. <u>Disclosure or Discovery Material</u>

All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to

discovery in this matter.

C. <u>"Confidential" Information or Items</u>

Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

D. <u>"Highly Confidential -- Attorneys' Eyes Only" Information or Items</u>

Confidential Information or Items whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means. For purposes of this case, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will be limited to: (i) the Parties' non-public financial information, as it relates to costs, revenues and profits generally or for specific products; (ii) information of a competitively or commercially sensitive or proprietary nature or trade secrets regarding any products made by or for a Party; (iii) non-public customer or distributor information, including non-public arrangements and agreements with customers and distributors and the prices at which products are sold to customer and distributors, but not including the names of the customers or identification of the products sold to them; (iv) research and development materials concerning unreleased products or services; (v) the confidential terms of any licenses; and (vi) any other information that the Parties, through their counsel, agree in writing during the course of this litigation, would create a substantial risk of serious harm if disclosed.

E. <u>Receiving Party</u>

A Party that receives Disclosure or Discovery Material from a Producing Party.

F. <u>Producing Party</u>

A Party or non-party that produces Disclosure or Discovery Material in this action.

G. <u>Designating Party</u>

A Party or non-party that designates information or items that it produces in

disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

### H. Protected Material

Any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

### I. Outside Counsel

Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

### J. Expert

A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

### K. Professional Vendors

Persons or entities who provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## II. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in other settings that might reveal Protected Material. This Order does not apply to court hearings or proceedings. The use of Confidential and Highly Confidential – Attorneys Eyes Only information or items in court hearings or proceedings will be addressed with the judicial officer conducting the proceeding at the appropriate time.

## III. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court Order otherwise directs.

**IV. DESIGNATING PROTECTED MATERIAL**

    A.    <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), may expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the prior designation.

    B.    <u>Manner and Timing of Designations.</u>

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(i)    <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the

2118/024004-0030
10683910.1 a05/12/17

-4-

PROTECTIVE ORDER

1  legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS'
2  EYES ONLY" at the top or bottom of each page that contains protected material. If
3  only a portion or portions of the material on a page qualifies for protection, the
4  Producing Party also must clearly identify the protected portion(s) (e.g., by making
5  appropriate markings in the margins) and must specify, for each portion, the level of
6  protection being asserted (either "CONFIDENTIAL" or "HIGHLY
7  CONFIDENTIAL — ATTORNEYS' EYES ONLY").

8       A Party or non-party that makes original documents or materials available for
9  inspection need not designate them for protection until after the inspecting Party has
10 indicated which material it would like copied and produced. During the inspection
11 and before the designation, all of the material made available for inspection shall be
12 deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the
13 inspecting Party has identified the documents it wants copied and produced, the
14 Producing Party must determine which documents, or portions thereof, qualify for
15 protection under this Order, then, before producing the specified documents, the
16 Producing Party must affix the appropriate legend ("CONFIDENTIAL" or
17 "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY") at the top or
18 bottom of each page that contains Protected Material. If only a portion or portions of
19 the material on a page qualifies for protection, the Producing Party also must clearly
20 identify the protected portion(s) (e.g., by making appropriate markings in the
21 margins) and must specify, for each portion, the level of protection being asserted
22 (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS'
23 EYES ONLY").

24     (ii)   <u>For testimony given in deposition</u>, that the Party or non-party offering
25 or sponsoring the testimony identify on the record, before the close of the
26 deposition, all protected testimony, and further specify any portions of the testimony
27 that qualify as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."
28 When it is impractical to identify separately each portion of testimony that is

entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to have up to 15 days after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"). Once this right to designate portions of the transcript as Protected Material has been invoked, the entire transcript, and all testimony given in the deposition, shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the 15 day period has lapsed; thereafter, only those portions of the testimony that are appropriately designated for protection within the 15 days shall be covered by the provisions of this Stipulated Protective Order, unless a Designating party specifies that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(iii) <u>For information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

C. <u>Inadvertent Failures to Designate.</u>

An inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential —Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## V. CHALLENGING CONFIDENTIALITY DESIGNATIONS

A. <u>Timing of Challenges.</u>

Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B. <u>Meet and Confer.</u>

A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue) with counsel for the Designating Party. Once the counsel for the challenging party makes counsel for the Designating Party aware of his desire to meet and confer, the counsel for the parties must begin the process by conferring within 10 days. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next

stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

C. <u>Judicial Intervention.</u>

A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion shall set forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue required under Paragraph V(B), *supra.*, or explain that no justification was given, if that is the case.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

Any motion brought pursuant to this Section shall be governed by Local Rules 37-1 and 37-1 (including the Joint Stipulation Requirement).

**VI. ACCESS TO AND USE OF PROTECTED MATERIAL**

A. <u>Basic Principles.</u>

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section X below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B. <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(i) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(ii) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(iii) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(iv) the Court and its personnel;

(v) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(vi) during their depositions, witnesses in the action to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(vii) the author of the document or the original source of the information.

C. <u>Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items.</u>

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(i) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(ii) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(iii) the Court and its personnel;

(iv) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

(v) the author of the document or the original source of the information.

## VII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by email or fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued. The Designating Party shall bear the burdens and the

expenses of seeking protection in that Court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena issued in another action.

**VIII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

**IX. FILING OF PROTECTED MATERIAL.**

In Accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

**X. FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action including appeals, each Receiving Party must: (a) return all Protected Material to the Producing Party; or (b) destroy the Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected

Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain archival copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section III (DURATION) above.

## XI. MISCELLANEOUS

### A. Right to Further Relief.

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

### B. Right to Assert Other Objections.

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO ORDERED.**

Dated: May 22, 2017  _____
Judge of the United States District Court

# **EXHIBIT A**

I, _____, declare as follows:

1. My present address is: _____.

2. My present occupation or job description is: _____.

3. My present employer is: _____.

4. I have received a copy of the Stipulated Protective Order ("Order") entered in *Altair Instruments, Inc. v. Shanika, Inc. dba Classic Spa Collection*, *et. al.*, Case No. 2:17-cv-00942 R (FFMx) pending in the United States District Court for the Central District of California. I have carefully read and understand the provisions of the Order.

5. I will comply with all of the provisions of the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for the purposes of this action, any Protected Material that I receive in this action.

6. I submit to the jurisdiction of this Court for the purposes of enforcement of this Order.

Executed this ____ day of _____ 20__, in the County of _____, State of _____.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

                                                           SIGNATURE OF DECLARANT